IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SEAN MOHAMMED,

    Plaintiff,

v.                                            CIVIL ACTION NO. 2:13cv469

CENTRAL DRIVING MINI STORAGE,
INC., d/b/a MINI PRICE STORAGE,

    Defendant.

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Plaintiff Sean Mohammed's ("Plaintiff") Motion to Amend Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure (ECF No. 18) and Defendant Mini Price Storage's ("Defendant" or "Mini Price") Motion to Dismiss the original Complaint (ECF No. 15). Plaintiff's proposed First Amended Complaint maintains the same allegations against Defendant Mini Price Storage as the original Complaint, but provides further factual detail regarding the basis of his claims. Defendant requests that the Court deny the Motion to Amend and grant its Motion to Dismiss, arguing that Plaintiff's amendments are futile and do not cure any deficiencies to survive dismissal for failure to state a claim. This matter has been fully briefed and is ripe for determination. For the reasons set forth herein, the Motion to Amend Complaint is **GRANTED-IN-PART** and **DENIED-IN-PART** and Defendant's Motion to Dismiss is **DENIED** as moot.

## I. FACTUAL & PROCEDURAL HISTORY

The facts, stated in the light most favorable to Plaintiff, are as follows: Plaintiff, a former assistant manager for Mini Price, is a Seventh Day Adventist whose religious beliefs include observation of the Sabbath on Saturday. Compl. ¶ 7. Tashondi Goodman became area manager of Peninsula area Mini Price locations in 2010 and Plaintiff began working directly under her.

*Id.* at ¶ 13-14. Ms. Goodman spoke openly and critically in front of employees about Plaintiff's observation of his Sabbath. *Id.* at ¶ 18. In a meeting with Ms. Goodman and Joey Cole, the store manager, Ms. Goodman told Plaintiff that "he was not a team player, and would never advance within the company if he did not give up his Sabbath and work on Saturdays." *Id.* at ¶ 15. After the meeting, Plaintiff's hours were drastically cut and he was forced to drive more than thirty minutes to work at a location outside of his area. *Id.* at ¶ 19. Plaintiff sent an email to complain about his reduced hours. *Id.* At some point afterwards, his hours were cut even further. *Id.* Plaintiff was terminated in January of 2011. *Id.* at ¶ 20. In an exit interview held in February of 2011, Mini Price stated that it would not appeal any request for unemployment benefits. *Id.* at ¶¶ 21. Plaintiff was initially granted unemployment benefits, but after filing an Equal Employment Opportunity Commission ("EEOC") charge, he was informed that Defendant would appeal his benefits. *Id.* at ¶¶ 22-23. On appeal, Plaintiff lost unemployment benefits. *Id.* at ¶ 26.

On February 9, 2011, Plaintiff filed a charge with the EEOC alleging discrimination based upon religion and retaliation. The EEOC issued a Notice of Right to Sue on May 23, 2013. Plaintiff filed a two-count Complaint against Mini Price on August 21, 2013, alleging unlawful religious discrimination, with claims for hostile environment, failure to accommodate and failure to promote, and unlawful retaliation. On March 5, 2014, Defendant filed a Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim. However, Plaintiff filed the instant Motion to Amend Complaint on March 19, 2014 along with his opposition to the Motion to Dismiss.

## II. LEGAL STANDARDS

### A. Motion to Amend

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading after the expiration of the time periods specified in Rule 15(a)(1) "only with the opposing party's

written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that leave to amend shall be freely given by the court "when justice so requires." *Id.* The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has recognized three situations where a district court may deny leave to amend: (1) where allowing the amendment would prejudice the opposing party; (2) the moving party acted in bad faith; or (3) where the amendment would be futile. *See Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). An amendment is futile where the proposed amendment fails to conform to the requirements of the federal rules. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011); *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Ultimately, the decision whether or not to grant a party leave to amend is up to the discretion of the Court. *See New Beckley Min. Corp. v. Int'l Union, United Mine Workers of Am.*, 18 F.3d 1161, 1164 (4th Cir. 1994).

### B. Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that, in addition to a statement of the court's jurisdiction and a demand for relief, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the sufficiency of a complaint. *Francis v. Giacomello*, 588 F.3d 186, 192 (4th Cir. 2009). "To survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (internal quotations omitted)); *Francis*, 588 F.3d at 193; *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Courts will favorably construe the allegations of the complaint and assume that the facts alleged in the complaint are true. *See*

3

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). A Rule 12(b)(6) motion to dismiss should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The plausibility standard requires a plaintiff to demonstrate more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. DISCUSSION

Plaintiff, in seeking to amend his Complaint, aims to cure factual deficiencies in the record. Specifically, Plaintiff contends that his proposed amendments provide further factual detail regarding the foundation of his allegations. Defendant counters that Plaintiff's First Amended Complaint still fails to satisfy the *Twombly/Iqbal* pleading standard to state a claim upon which relief may be granted, making the amendments futile. Defendant relies primarily on the argument that the proposed First Amended Complaint does not contain plausible allegations sufficient to survive a motion to dismiss. Defendant further requests that the Court award Mini Price its costs in preparing and arguing this Motion to Amend.

#### A. Discrimination Claims

Defendant claims that Plaintiff's First Amended Complaint still fails to cure the previously identified deficiencies that warrant dismissal. In particular, Defendant contends that the First Amended Complaint is futile because Plaintiff fails to introduce any fact that would give rise to a cause of action under *Twombly/Iqbal* as to Plaintiff's religious accommodation, hostile environment and failure to promote discrimination claims.

To state a prima facie religious accommodation claim, a plaintiff must establish that: (1) he has a bona fide religious belief that conflicts with an employment requirement; (2) he informed the employer of this belief; and (3) he was disciplined for failure to comply with the conflicting employment requirement. *Chalmers v. Tulon Co. of Richmond*, 101 F.3d 1012, 1019 (4th Cir. 1996). The parties do not dispute the first and second requirement. As to the third requirement that an employee must have been disciplined, several of Plaintiff's factual allegations support his claim that an adverse employment action was taken against him for observing his Saturday Sabbath. Plaintiff alleges that his hours were cut after a meeting where his religious observation was discussed. Plaintiff also alleges that after the meeting, his job location was changed, requiring him to drive more than thirty minutes to work, which is not an insignificant alteration of job responsibilities. *See Von Gunten v. Maryland*, 243 F.3d 858, 866 (4th Cir. 2001) ("Adverse employment action includes any retaliatory act or harassment if, but only if, that act or harassment results in an adverse effect on the 'terms, conditions, or benefits' of employment." (quoting 42 U.S.C. §2000e-3)). Lastly, Plaintiff was terminated. The allegations of a change in pay, work location and termination are enough to establish that Plaintiff was disciplined for failure to comply with an employment requirement to work on Saturdays that conflicted with his religious Sabbath; thus Plaintiff's religious accommodation claim would survive dismissal and his proposed amendments are not futile.

To state a prima facie hostile environment claim, Plaintiff must establish 1) he was subjected to unwelcome statements or conduct; 2) the conduct was based on religion; 3) the conduct was so severe or pervasive that the employee reasonably found the work environment to be hostile or abusive; and 4) there is a basis for holding the employer liable. *See Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998); *see also Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (a hostile work environment is created when the "workplace is permeated with

discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."). Here, Plaintiff presents vague facts regarding Ms. Goodman's alleged criticism, but does not present any potentially discriminatory conduct beyond a few statements made during a meeting. The First Amended Complaint is devoid of facts to plausibly show that there were any incidents extreme or serious enough to cause changes in the condition of Plaintiff's employment. Plaintiff's proposed amendments do not state a plausible hostile work environment claim because Plaintiff fails to allege unwelcomed discriminatory conduct based upon religion that was severe or pervasive. The hostile work environment claim is dismissed with prejudice.

In order to establish a prima facie claim of discriminatory failure to promote, a plaintiff must show that (1) he is a member of a protected group, (2) there was a specific position for which he applied, (3) he was qualified for that position, and (4) his employer rejected his application under circumstances that give rise to an inference of discrimination. *Williams v. Giant Food Inc.*, 370 F.3d 423, 430 (4th Cir. 2004). Plaintiff only satisfies the first requirement. Plaintiff has not alleged that he applied for a specific position that he was qualified to perform. He also has failed to plead facts that infer discrimination, such as a showing that a member outside of the protected class received a promotion instead. *See Carter v. Ball*, 33 F.3d 450, 458 (4th Cir. 1994). Plaintiff's proposed amendments are futile and lack factual content demonstrating that there was ever a discriminatory denial of a promotion. Plaintiff's failure to promote claim is dismissed with prejudice because he does not offer facts to show the possibility of a cause of action for failure to promote because he never pleads that he was refused a promotion.

### B. Retaliation Claim

Plaintiff has alleged retaliation in violation of Title VII in Count Two of his First Amended Complaint, relying on amendments which Defendant states are futile because they fail to eliminate defects in his initial failure to state a claim. Under Title VII, "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To state a claim for retaliation, the plaintiff must allege the following: (1) he engaged in a protected activity, (2) his employer took an adverse action against him, and (3) a causal link exists between the protected activity and the adverse action. *Tate v. Mail Contractors of America, Inc.*, 2011 WL 1380016, at *5 (W.D.N.C. April 12, 2011) (citing *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010)). A protected activity under Title VII includes participating in an investigation or making complaints of discrimination based upon religion. *See generally Balazs v. Liebenthal*, 32 F.3d 151, 159 (4th Cir. 1994). To demonstrate an adverse action under Title VII's retaliation provisions, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

In his First Amended Complaint, Plaintiff identifies complaining about the reduction in his work hours and filing an EEOC complaint as actions that constitute protected activities. Plaintiff characterizes the resulting adverse employment actions as further reducing his hours, terminating his employment, and opposing his claim for unemployment benefits. Plaintiff creates a causal link between his protected activities and the adverse employment actions

7

because he alleges that Defendant had knowledge of his complaints and that the retaliatory acts occurred in response to his complaints and shortly after he complained. Plaintiff has alleged sufficient facts to withstand dismissal on his retaliation claim, and his amendments are not futile.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend Complaint is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Motion to Amend the religious accommodation and retaliation claims is **GRANTED.** The Motion to Amend the hostile work environment and failure to promote claims is **DENIED** and these claims are **DISMISSED WITH PREJUDICE.** The Clerk is **DIRECTED** to docket the proposed First Amended Complaint (ECF No. 18-1) as the operable complaint in this case. Defendant's Motion to Dismiss (ECF No. 15) is **DENIED** as moot. Defendant's request for costs associated with the Motion to Amend is **DENIED.** Defendant is **ORDERED** to answer or otherwise respond to the First Amended Complaint within twenty-one (21) days from the date of entry of this Order.

The Clerk is **FURTHER DIRECTED** to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
May 28 , 2014

Raymond A. Jackson
United States District Judge